DECISION AND JUDGMENT ENTRY
This is a state's appeal from a criminal sentencing order of the Lucas County Court of Common Pleas, after an initial remand. Because we conclude that the trial court properly imposed concurrent sentences, we affirm.
Appellee, Richard Williams, was convicted of two counts of aggravated vehicular homicide following a 1999 high-speed collision that killed two teens. He was initially sentenced to two consecutive three-year terms of imprisonment and an additional 17 months of incarceration for a community control violation from a prior marijuana offense.
Appellee appealed his sentence, contending that his sentence for aggravated vehicular homicide was inconsistent with sentences imposed for similar crimes committed by similar offenders, contrary to the directives of R.C. 2929.11(B). We concurred with appellee's argument, vacated the trial court's sentencing order and remanded for resentencing in conformity with our decision.[1] State v. Williams (Nov. 30, 2000), Lucas App. No. L-00-1028, discretionary appeal not allowed (2001),91 Ohio St.3d 1489.
On remand, the trial court resentenced appellee to three years for each count, but made these two terms of imprisonment concurrent.
From this judgment, the state now brings this appeal, setting forth the following single assignment of error:
"Assignment of Error No. 1: The Trial Court Erred in Concluding That Consecutive Sentences For Both Aggravated Vehicular Homicide Offenses Were Inappropriate Because They Did Not Constitute The Worst Form Of The Offense."
The trial court devoted substantial effort to ascertain the scope of its responsibilities in resentencing appellee. Indeed, appellee argues that by virtue of the "law of the case" doctrine,[2] no prejudice accrues to the state no matter how erroneous the trial court's sentencing determination. This is so, appellee insists, because the trial court complied with our mandate on remand by reducing appellee's sentence.
Appellee's "law of the case" argument and the state's suggestion that we revisit our original conclusion in this case are both propositions beyond the scope of this appeal. At issue here is simply whether the trial court applied the correct standard when it imposed concurrent rather than consecutive sentences.
R.C. 2929.14(E)(4) provides:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under [statutory residential, nonresidential or financial sanctions] or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of
 criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Plainly, the statute maintains that the normal sentencing scheme for multiple offenses is that the sentences run concurrently. This state of affairs may only be altered if the sentencing court makes certain specific and well-defined findings, e.g. necessary to protect, punish and not disproportional. Once the sentencing court has found these conditions present, then, and only then, does the court have discretion to impose consecutive sentences.
In this matter, the state points out that the court, during its sentencing colloquy, stated that because appellee's conduct was "not the most serious of all offenses," that sentencing should be concurrent. The "most serious offense" test is the one reserved for the imposition of maximum sentences, the state insists and, therefore, the sentencing court obviously applied the wrong standard.
Irrespective of what statement the court made during the sentencing colloquy, it did not make any of the findings mandatorily antecedent to the imposition of consecutive sentences. Absent such findings, the statutory default mode is concurrent sentences, which is what the sentencing court levied. Accordingly, the state's single assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J. and Richard W. Knepper, J. CONCUR.
[1] We also vacated appellee's community control violation sentence, but that portion of the sentencing order has not been appealed.
[2] "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.